UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD DOYLE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:08CV1649 HEA |
| | ) | |
| AMALGAMATED TRANSIT UNION | ) | |
| LOCAL 788, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Amalgamated Transit Union

Local 788's ("Amalgamated") Motion to Dismiss Count III of Plaintiff's First

Amended Complaint, [Doc. No. 20]. Plaintiff opposes the Motion and has filed a

written opposition thereto, to which Defendant has replied. For the reasons set forth

below, the Motion is granted.

## Facts and Background

The First Amended Complaint alleges the following facts:[1] Plaintiff was hired

by Bi-State Development Corp. In September, 1988, in the capacity of bus driver in

the City of St. Louis. Plaintiff was required to join the bus driver's union,

---

[1]

 The recitation of facts is taken from Plaintiff's First Amended Complaint and is set out for the
purpose of this motion only. It in no way relieves the parties of the necessary proof of any of the
said facts in later proceedings.

Defendant Amalgamated, in the City of St. Louis as a condition of his employment.

On June 9, 2005, an incident occurred when Plaintiff was relieving another bus driver on his route. Allegedly, a passenger harassed and threatened Plaintiff with violence while he was performing his job duties. Plaintiff refused to transport the passenger. That same day, Plaintiff's employment was terminated.

Plaintiff made a complaint to his Union President, Defendant Herbert Dill.[2] Dill represented Plaintiff at the Third Step Hearing held in July, 2005. Plaintiff's employer refused to re-hire Plaintiff.

It was determined that Defendant Amalgamated would pursue arbitration on Plaintiff's behalf. Plaintiff believes that Bi-State issued a last chance letter on August 11, 2005, which stated that it was going to give Plaintiff a last chance at employment. Plaintiff alleges that Defendant Amalgamated, by and through, Dill never notified him that it had received the last chance letter offering to reinstate Plaintiff, nor did Amalgamated make any response to the last chance letter on Plaintiff's behalf.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) on November 10, 2007. He received a "Notice of Right to

---

[2] Defendant Dill has not yet been served with the First Amended Complaint in this case and has therefore not yet filed any responsive pleadings.

Sue" letter from the MCHR on September 11, 2008. The original *pro se* Complaint in this matter was filed on October 24, 2008. Appointed counsel filed the First Amended Complaint on February 9, 2009, which included a breach of the duty of fair representation claim.

Plaintiff's First Amended Complaint alleges Defendants discriminated against him based on his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, (Count I); discriminated against him based on his race, in violation of 42 U.S.C. § 1981, (Count II); and breached their duty of fair representation pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S. C. § 185, *et seq*. (Count III). Defendant moves to dismiss Count III for failure to state a cause of action arguing that this count is time barred and fails to sufficiently plead a claim.[3]

## Discussion

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp.*

---

[3] Because the Court concludes Plaintiff's Section 301 claim is time barred, it will not discuss Defendant's alternative motion to dismiss for failure to sufficiently allege the claim.

*v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

## Timeliness of Filing

Amalgamated argues that Count III must be dismiss because it was not filed within six months of the alleged breach of the duty of fair representation. The First Amended Complaint alleges that the breach occurred when Amalgamated failed to adequately bargain for Plaintiff after his employment was terminated. The applicable statute of limitations for a Section 301 claim is the six month limitation period found in Section 10(b) of the National Labor Relations Act. *DelCostello v. Int'l Broth. Of Teamsters*, 462 U.S. 151 (1983). Even though *DelCostello* involved claims against both the employer and union, the Supreme Court's analysis of the proper statute of limitations for the claim against the union was not dependent on

there being a pending claim against the employer.[4]  The nature of the claims against

the union is the crucial factor.  Here, as in *DelCostello*, Plaintiff asserts that his

union breached its duty of fair representation to Plaintiff.  Specifically, Plaintiff

contends that his union did not adequately represent him in the third step process

during the arbitration and did not inform him of the last chance letter that was sent

to the union president.  Even if plaintiff's allegations that his union failed to properly

represent him are not allegations of unfair labor practices, the analogy between

Plaintiff's claims and unfair labor practice claims is applicable.  *DelCostello*, 462

U.S. 151.  Therefore, the six-month period for filing an unfair labor practice charge

provided in § 10(b) of the National Labor Relations Act is the statute of limitations

applicable to plaintiff's claim against his union.

Plaintiff's claim against his union accrued at the *very* latest November 10,

2007, when he filed his charge of discrimination.  At least on that date, if not much

earlier, Defendant's alleged misrepresentation should have been apparent.  Plaintiff

did not file his breach of the duty to fairly represent him until February 9, 2009,

fourteen months later.[5]  Plaintiff knew of the alleged breach of the duty after the

---

[4]  Plaintiff has, however, filed a separate suit against his employer, alleging violations of Title VII and unlawful termination.  *Rogers v. Bi-State Dev. Agency*, Case No. 4:08CV1627 CEJ.

[5]  Plaintiff does argue that the filing of Count III should relate back to the date of the original filing, October 24, 2008, under Rule 15 of the Federal Rules of Civil Procedure.  Even under this argument, Count III would be time barred in that the October 24, 2008 Complaint was

arbitration process, since Plaintiff claims Defendant failed to adequately represent

him throughout the process.

## Conclusion

Based upon the foregoing analysis, Plaintiff is unable to state a claim against

Amalgamated for breach of the duty to fairly represent him. Plaintiff's Section 301

claim is time barred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Amalgamated Transit Union

Local 788's Motion to Dismiss, [Doc. No. 20], is **GRANTED**.

**IT IS FURTHER ORDERED** that Count III of Plaintiff's First Amended

Complaint is **DISMISSED**.

Dated this 26th day of August, 2009.

_____

    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE

---

well beyond six months from the filing of the charge of discrimination.