UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD DOYLE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08CV1649 HEA |
| ) | |
| AMALGAMATED TRANSIT UNION ) | |
| LOCAL 788, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Amalgamated Transit Union Local 788's ("Amalgamated") Motion for Summary Judgment, [Doc. No. 46]. Plaintiff opposes the Motion and has filed a written opposition thereto, to which Defendant has replied. For the reasons set forth below, the Motion is granted.

### Facts and Background

The First Amended Complaint alleges the following facts: Plaintiff was hired by Bi-State Development Corp. in September, 1988, in the capacity of bus driver in the City of St. Louis. Plaintiff was required to join the bus driver's union, Defendant Amalgamated, in the City of St. Louis as a condition of his employment.

On June 9, 2005, an incident occurred when Plaintiff was relieving another bus driver on his route. Allegedly, a passenger harassed and threatened Plaintiff

with violence while he was performing his job duties. Plaintiff refused to transport the passenger. That same day, Plaintiff's employment was terminated.

Plaintiff made a complaint to his Union President, Defendant Herbert Dill.[1] Dill represented Plaintiff at the Third Step Hearing held in July, 2005. Plaintiff's employer refused to re-hire Plaintiff.

It was determined that Defendant Amalgamated would pursue arbitration on Plaintiff's behalf. Plaintiff believes that Bi-State issued a last chance letter on August 11, 2005, which stated that it was going to give Plaintiff a last chance at employment. Plaintiff alleges that Defendant Amalgamated, by and through, Dill never notified him that it had received the last chance letter offering to reinstate Plaintiff, nor did Amalgamated make any response to the last chance letter on Plaintiff's behalf.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) on November 10, 2007. He received a "Notice of Right to Sue" letter from the MCHR on September 11, 2008. The original *pro se* Complaint in this matter was filed on October 24, 2008. Appointed counsel filed the First Amended Complaint on February 9, 2009, which included a breach of the duty of

---

[1] Defendant Dill has not yet been served with the First Amended Complaint in this case and has therefore not yet filed any responsive pleadings.

fair representation claim.

Plaintiff's First Amended Complaint alleges Defendants discriminated against him based on his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, (Count I); discriminated against him based on his race, in violation of 42 U.S.C. § 1981, (Count II); and breached their duty of fair representation pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S. C. § 185, *et seq*. (Count III). Count III has been dismissed because this count is time barred. See Opinion, Memorandum and Order dated August 26, 2009.

## **Discussion**

## **Standard of Review**

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348

F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines*, 536 F.3d 813, 817 (8th Cir.

2008). While the moving party bears "the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings," the discovery, disclosure materials and affidavits "which it believes demonstrate the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323 it is incumbent on the party with the burden of proof at trial to present sufficient evidence to establish the elements essential to its claims. See Celotex, 477 U.S. at 322-23. Thus, Plaintiff, even as the non-moving party for summary-judgment purposes, "must still 'present[ ] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.' " *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1003-04 (8th Cir.2005) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992)).
*Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 742 -743 (8th Cir. 2009).

Defendants have submitted a Statement of Uncontroverted Material Facts to which Plaintiff has, in his opposition to the motion filed a response. Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions

of the record, where available, upon which the opposing party relies.
The opposing party also shall note for all disputed facts the paragraph
number from movant's listing of facts. All matters set forth in the
statement of the movant shall be deemed admitted for purposes of
summary judgment unless specifically controverted by the opposing
party.

E.D. Mo. L.R. 4.01(E).

Plaintiff's response to Defendants' statements of uncontroverted material facts does not include "specific references to portions of the record, where available, upon which the opposing party relies." E.D. Mo. L.R. 4.01(E). As a result, Plaintiff is deemed to have admitted Defendants' statements of material fact, except to the extent that Plaintiff has specifically enumerated which numbered paragraph he disputes. *Huckins v. Hollingsworth*, 138 Fed.Appx. 860, 862 (8th Cir.2005)(where plaintiffs responded to the defendants' statements of material facts by paragraph number as required by local rule but did not fully comply with that rule by submitting their own concise statement of material facts as to which they contended there exists a genuine issue to be tried, and instead provided the district court with affidavits, the district court did not abuse its discretion when it recounted the defendants' statements of facts verbatim but noted whenever the plaintiffs properly disputed a fact and the ground for their dispute).

Plaintiff contends that he was first told about the existence of the Last Chance

Agreement by Dennis Allen, the employer's Director of Labor Relations, and that had he been given the Agreement at the time, he would have accepted it. Plaintiff contends that Defendant Dill failed to present grievances on behalf of other black employees. He does not, however, know the names of these employees, but believes Dennis Allen knows.

Conversely, Defendant has presented the deposition testimony of Plaintiff wherein Plaintiff admits he was never told by Mr. Allen that he was not given the Last Chance Agreement because of his race. Defendant has submitted the deposition testimony of Defendant Dill wherein Dill testifies that he did in fact arbitrate the cases. Moreover, Dill testified that all members of the union are treated alike regardless of race, and that he told Plaintiff of the Last Chance Agreement, and that Plaintiff refused it.

Plaintiff's presentation of his own affidavit in opposition to this evidence is riddled with speculation, conjecture and beliefs. It fails to present any admissible evidence to specifically controvert Defendant's evidence. While Defendant presents evidence based on personal knowledge, Plaintiff presents self-serving beliefs, feelings and opinions that he was treated unfairly because of his race. While metaphysical sensations of the gangrenous ooze of racial animus may have seeped within Plaintiff's very being, such feelings are insufficient to overcome Plaintiff's

*burden* of presenting *evidence* of such racial animus. Simply put, after scouring every nook, cranny, and holler of the record before the court relating to the motion, there is absolutely no evidence that Defendant discriminated against Plaintiff based on his race.

### Conclusion

Plaintiff's opposition to the evidence is the classic example of what is completely inadequate to withstand the motion for summary judgment: Plaintiff *would have* taken the Last Chance Agreement. Plaintiff *believes* he was not given the Agreement because of his race. Plaintiff claims he knows there are others whose grievances were not resolved because they were black, but doesn't know who these union members are. Plaintiff has presented speculation, conjecture, and beliefs; Plaintiff has presented no evidence of any racial discrimination. Defendant is therefore entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Amalgamated Transit Union Local 788's Motion for Summary Judgment, [Doc. No. 46], is **GRANTED**.

**IT IS FURTHER ORDERED** that because there has been no service on Defendant Dill, judgment shall be entered in favor of Defendant Amalgamated Transit Union Local 788 immediately.

A separate judgment in accordance herewith is entered this same date.

Dated this 26th day of March, 2010.

_____
　　HENRY EDWARD AUTREY
　UNITED STATES DISTRICT JUDGE